UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

★ FILED ★

2012 NOV 30  PM 7: 19

---------------------------------------------------------------X

RICARDO BARBOSA,

CLERK
U.S. DISTRICT COURT
Plaintiff, Y.
AFTER HOURS DROP BOX

**COMPLAINT**

Docket

**CV 12-5941**

Jury Trial Demanded

-against-

CITY OF NEW YORK, JENNIFER BROWN, Individually,
RUSSELL GRAZIANO, Individually, JOSEPH FINLAY,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

WEINSTEIN, J.

SCANLON, M.J.

Defendants,

-----------------------------------------------------------------X

Plaintiff RICARDO BARBOSA, by his attorneys, Leventhal & Klein, LLP, complaining
of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and
attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as
said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also
asserts supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the
Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff asserts
supplemental state law claims pursuant to common law and the New York State Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff RICARDO BARBOSA is a twenty-three year old Hispanic American man residing in the state of New Jersey.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, JENNIFER BROWN, RUSSELL GRAZIANO, JOSEPH FINLAY, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.    On September 3, 2011, at approximately 3:30 a.m., plaintiff RICARDO BARBOSA was lawfully present on the sidewalk in the vicinity of 122-09 Liberty Avenue, Queens, New York, when defendant officers including but not limited to JENNIFER BROWN, RUSSELL GRAZIANO, and JOSEPH FINLAY, participated in the unlawful arrest and assault of plaintiff.

13.    A defendant officer pushed plaintiff and told plaintiff in sum and substance, get the fuck out of here.

14.    As plaintiff explained that he was trying to locate his brother, a defendant officer grabbed plaintiff from behind and slammed him to the ground, causing plaintiff to strike his head on the sidewalk.

15.    Thereafter, the defendant officers sprayed pepper spray on plaintiff's face, struck him on his head and body, and handcuffed him.

16.    The defendants officers continued to assault plaintiff while plaintiff was restrained by handcuffs.  While plaintiff was restrained, the defendant officers repeatedly punched, kicked, and struck claimant with a hard object on claimant's head, face, ribs, back, neck, and knees.

17.    After assaulting and battering plaintiff, the defendant officers transported plaintiff to an NYPD precinct stationhouse and imprisoned him therein.

18.    After a period of time, the defendant officers summoned an ambulance to the

3

precinct, which transported plaintiff to Jamaica Hospital Medical Center where he received treatment for the injuries the defendant officers inflicted upon him.

19.    Thereafter, the defendants unlawfully imprisoned plaintiff until later on September 3, 2011, when plaintiff was arraigned on charges filed in Queens County Criminal Court under docket no. 2011QN048130; said charges having been filed based on the false allegations of defendant JENNIFER BROWN. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned acts of brutality and abuse of authority.

20.    As a result of the defendants' false statements, plaintiff was compelled to return to court on numerous occasions, until all the charges levied against plaintiff were dismissed in Queens County Criminal Court after the Queens County Grand Jury heard the charges levied against plaintiff and voted a no true bill on January 20, 2012.

21.    As a result of the defendants conduct, plaintiff sustained injuries, including but not limited to: a perforated tympanic membrane in his right ear; subconjunctival hemorrhage of his right eye; corneal abrasion of his right eye; injuries to his right knee, including a contusion and an ACL strain; right shoulder bursitis with a possible infraspinatus tear; and, swelling, bruising, contusions, and abrasions to his head, face, arm, back and neck.

22.    Defendant JOHN DOE 1 supervised defendants JENNIFER BROWN, RUSSELL GRAZIANO, JOSEPH FINLAY, and JOHN and JANE DOE 2 through 10, and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

23.    Defendants JENNIFER BROWN, RUSSELL GRAZIANO, JOSEPH FINLAY, and JOHN and JANE DOE 1 through 10 directly participated in the illegal conduct described

4

herein or were present or otherwise aware of the incident and failed to intervene in the illegal conduct described herein.

24.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to discrimination against plaintiff based on his race, as well as pursuant to *de facto* policy, custom, or practice of falsification.

25.    The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the use of force; and, improperly abuse their authority to arrest individuals and commit perjury or manufacture evidence to convict such individuals in order to cover up their misconduct.

26.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

27.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

28.    As a result of the foregoing, plaintiff RICARDO BARBOSA sustained, *inter alia*,

physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. § 1983)

29.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "28" with the same force and effect as if fully set forth herein.

30.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

31.     All of the aforementioned acts deprived plaintiff RICARDO BARBOSA, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

33.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

34.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35.     As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

36.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.    Defendants arrested plaintiff RICARDO BARBOSA without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

38.    Defendants caused plaintiff RICARDO BARBOSA to be falsely arrested and unlawfully imprisoned.

39.    As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

40.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.    The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff RICARDO BARBOSA'S constitutional rights.

42.    As a result of the aforementioned conduct of defendants, plaintiff RICARDO

BARBOSA was subjected to excessive force and sustained physical injuries.

43.      As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

44.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.      Defendants initiated, commenced and continued a malicious prosecution against plaintiff RICARDO BARBOSA.

46.      Defendants caused plaintiff RICARDO BARBOSA to be prosecuted without any probable cause until the charges were dismissed on or about January 20, 2012.

47.      As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983)

48.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.      Defendants maliciously issued criminal process against plaintiff RICARDO BARBOSA by causing him to appear in Queens County Criminal Court.

50.      Defendants caused plaintiff RICARDO BARBOSA to appear in order to obtain a

8

collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

51.    As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

52.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.    The defendants seized, assaulted, battered detained, arrested, prosecuted and imprisoned plaintiff RICARDO BARBOSA, because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

54.    As a result of the foregoing, plaintiff RICARDO BARBOSA was deprived of his rights under the Equal Protection Clause of the United States Constitution.

55.    As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

56.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.    Defendants had an affirmative duty to intervene on behalf of plaintiff RICARDO BARBOSA, whose constitutional rights were being violated in their presence by other officers.

58.    The defendants failed to intervene to prevent the unlawful conduct described herein.

59.    As a result of the foregoing, plaintiff RICARDO BARBOSA was subjected to excessive force, his liberty was restricted for an extended period of time, he was put in fear of his safety, he was maliciously prosecuted, he was humiliated and subjected to handcuffing and other physical restraints, and he was detained without probable cause.

60.    As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

61.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.    The supervisory defendants personally caused plaintiff RICARDO BARBOSA'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

63.    As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

64.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

66.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, subjecting individuals to excessive force; and, falsely arresting individuals and then committing perjury and/or manufacturing evidence in an effort to convict such individuals, an otherwise engaging in falsification.

67.     In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff RICARDO BARBOSA'S rights as described herein.

68.     As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff RICARDO BARBOSA.

11

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff RICARDO BARBOSA as alleged herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff RICARDO BARBOSA as alleged herein.

72. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff RICARDO BARBOSA was seized, subjected to excessive force, falsely arrested, maliciously prosecuted and imprisoned.

73. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff RICARDO BARBOSA'S constitutional rights.

74. All of the foregoing acts by defendants deprived plaintiff RICARDO BARBOSA of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from the use of excessive force and/or the failure to intervene;

      C.    To be free from seizure and arrest not based upon probable cause;

      D.    To be free from malicious prosecution;

      E.    To be free from malicious abuse of process;

      F.    To be free from false imprisonment/arrest;

      G.    To receive equal protection under law.

75.    As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

76.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75"with the same force and effect as if fully set forth herein.

77.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

78.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

79.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

80.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
#### (False Arrest under the laws of the State of New York)

81.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.    Defendants arrested plaintiff without probable cause.

83.    Plaintiff was detained against his will for an extended period of time and

13

subjected to physical restraints.

84.    As a result of the aforementioned conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

85.    As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

86.    As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Assault under the laws of the State of New York)

87.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.    As a result of the foregoing, plaintiff RICARDO BARBOSA was placed in apprehension of imminent harmful and offensive bodily contact.

89.    As a result of defendants' conduct, plaintiff RICARDO BARBOSA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

90.    As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

91.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.     Defendants made offensive contact with plaintiff without privilege or consent.

93.     As a result of defendants' conduct, plaintiff has suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

94.     As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

95.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff RICARDO BARBOSA.

97.     Defendants caused plaintiff RICARDO BARBOSA to be prosecuted without any probable cause until the charges were dismissed on or about January 20, 2012.

98.     As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

99.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.    Defendants issued criminal process against plaintiff by causing him to be arrested, and requiring his appearance in Queens County Criminal Court.

101.    Defendants compelled plaintiff's appearance to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

102.    As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

103.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

105.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

106.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

16

107.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

108.    As a result of the aforementioned conduct, plaintiff suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

109.    As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

110.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and excessive use of force against plaintiff.

112.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

113.    As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

114.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.   Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of and excessive use of force against plaintiff.

116.   As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

117.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.   Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

119.   As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

120.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

122.    As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

123.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

124.    As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

125.    As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

126.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "125" with the same force and effect as if fully set forth herein.

127.    As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

128.    As a result of the foregoing, plaintiff RICARDO BARBOSA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff RICARDO BARBOSA demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
November 30, 2012

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff RICARDO BARBOSA
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
        BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

RICARDO BARBOSA,

                                       Plaintiff,

               -against-

CITY OF NEW YORK, JENNIFER BROWN, Individually,
RUSSELL GRAZIANO, Individually, JOSEPH FINLAY,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                   Defendants.

--------------------------------------------------------------------------------X

                         Docket No.

**COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100